## UNITED STATES COURT OF APPEALS
## FOR THE FEDERAL CIRCUIT

Case No. 16-105

_____

### IN RE:  TC HEARTLAND, LLC,

*Petitioner.*

_____

On Petition for A Writ of Mandamus to the U.S. District Court for the District of Delaware in Case No. 14-00028 (LPS), Chief Judge Leonard P. Stark.

---

**OPPPOSED MOTION FOR LEAVE TO FILE BRIEF OF AMICI CURIAE ELECTRONIC FRONTIER FOUNDATION, PUBLIC KNOWLEDGE, AND ENGINE ADVOCACY IN SUPPORT OF PETITIONER**

---

Electronic Frontier Foundation, Public Knowledge, and Engine Advocacy respectfully move for leave to file a brief in support of the petition for writ of mandamus filed by TC Heartland, LLC, pursuant to Federal Rule of Appellate Procedure 29. The brief has been tendered herewith. Petitioner TC Heartland, LLC consents to the filing of the brief and does not oppose this motion, while Kraft Food Group Brands LLC does not consent and opposes this motion.

### I.      Interest of *Amici Curiae.*

*Amici curiae* Electronic Frontier Foundation and Public Knowledge are non-profit groups that focus on protecting consumer interests in the digital age, particularly with respect to intellectual property law. *Amicus curiae* Engine Advocacy is a technology policy, research, and advocacy organization that bridges the gap between policymakers and startups, working with government and a

community of high-technology, growth-oriented startups across the nation to support the development of technology entrepreneurship.

Litigation over patents can have substantial impact on consumer and small startup interests, by dragging small, innovative businesses into complex litigation that they often cannot afford. This potentially forces them into settlements whose costs are passed onto consumers or, worse yet, prevents them from bringing new and useful products and services to market.

The rampant forum shopping seen in patent litigation, and the attendant negative incentives that forum shopping creates, are thus of substantial concern to those small businesses and consequently to the public at large. Accordingly, *amici* feel strongly that this Court should reconsider its decision in *VE Holding Corp. v. Johnson Gas Appliance Co.*, 917 F.2d 1574 (Fed. Cir. 1990), which seeded this troubling forum shopping situation.

*Amici* the Electronic Frontier Foundation and Public Knowledge have often served as *amicus* in key patent cases, including *Alice Corp. Pty. Ltd. v. CLS Bank Int'l*, 134 S. Ct. 2347 (2014), *Nautilus, Inc. v. Biosig Instruments, Inc.*, 134 S. Ct. 2120 (2014), *Bilski v. Kappos*, 561 U.S. 593 (2010); *KSR Int'l Co. v. Teleflex Inc.*, 550 U.S. 398 (2007); and *eBay Inc. v. MercExchange, LLC*, 547 U.S. 388 (2006).

*Amicus* Engine Advocacy has worked with the White House, Congress, federal agencies, and state and local governments to discuss policy issues, write

legislation, and introduce the tech community to Washington insiders. Engine Advocacy conducts research, organizes events, and spearheads campaigns to educate elected officials, the entrepreneur community and the general public on issues vital to fostering technological innovation.

*Amici* have a particular interest in ensuring a balanced patent system that protects technological innovation from the chilling effects of legal uncertainty and from outcomes that are contrary to the pursuit of innovation. *Amici* represents the interests of small innovators, who often lack the resources to litigate in federal court, and who are most vulnerable to settlement pressure due to litigation costs.

## II.    *Amicus* Briefs Are Accepted Where They Can Assist the Court.

The standard for leave to file an *amicus* brief is simply whether it will assist the Court. *Neonatology Assocs., P.A. v. C.I.R.*, 293 F.3d 128, 133 (3d Cir. 2002) (Alito, J) ("[I]f a good brief is rejected, the merits panel will be deprived of a resource that might have been of assistance."); *Ryan v. Commodity Futures Trading Comm'n*, 125 F.3d 1062, 1064 (7th Cir. 1997) ("An *amicus* brief should normally be allowed . . . when the *amicus* has unique information or perspective that can help the court beyond the help that the lawyers for the parties are able to provide."); *Massachusetts Food Ass'n v. Massachusetts Alcoholic Beverages Control Com'n*, 197 F.3d 560, 567 (1st Cir. 1999) ("[A] a court is usually delighted to hear additional arguments from able *amici* that will help the court

toward right answers . . . ."); *see also Phillips v. AWH Corp.*, 376 F.3d 1382, 1383-84 (Fed. Cir. 2004) ("*Amicus curiae* briefs may be filed by bar associations, trade or industry associations, government entities, and other interested parties.").

### III.   *Amici*'s Brief Will Assist the Court By Providing Context on the Implications of this Case for Innovation and Competition.

This *amicus* brief will assist the Court in understanding the broad impact this Court's holding in *VE Holding* has had on creators, innovators, and consumers. This mandamus petition is of vital importance to thousands of businesses and individuals who are not before the Court, as it impacts where companies may bring patent infringement litigation. As *amici* explain in the proposed brief, the current rule has allowed the rise of district court procedural rules that favor patent owners with dubious claims to the detriment of small businesses and innovators. *Amici* have expertise on these issues and long experience in addressing the public interest in ensuring fair, just, and equitable outcomes in patent litigation. *Amici*'s brief will assist the Court by placing the issues of this case in context.

*Amici* are well-established organizations known for their contributions to consideration of the public interest in the space of patent policy. They have filed briefs before this Court and the Supreme Court, and have written substantial public commentary on patent policy. The public interest perspectives of *amici* will benefit this Court in reviewing this petition for writ of mandamus. Accordingly, leave to file should be granted.

Dated: October 29, 2015                Respectfully submitted,


By:   /s/ Vera Ranieri
                            Vera Ranieri
                            Electronic Frontier Foundation
                            815 Eddy Street
                            San Francisco, CA 94109
                            Tel: (415) 436-9333
                            Fax: (415) 436-9993
                            vera@eff.org

                            Charles Duan
                            Public Knowledge
                            1818 N Street NW Suite 410
                            Washington, DC 20008
                            Tel: (202) 861-0020
                            Fax: (202) 861-0040
                            cduan@publicknowledge.org

                            *Attorneys for Amici Curiae*

## **CERTIFICATE OF INTEREST**

Pursuant to Federal Circuit Rules 29(a) and 47.4, counsel for *Amici Curiae* certifies that:

1.      The full name of the amici represented by me is:

Electronic Frontier Foundation, Public Knowledge, Engine Advocacy

2.      The name of the real party in interest (if the party named in the caption is not the real party in interest) represented by me is:

N/A

3.      All parent corporations and any publicly held companies that own 10 percent or more of the stock of the amici curiae represented by me are:

None.

4.      The name of all law firms and the partners or associates that appeared for the party or amicus now represented by me in the trial court or are expected to appear in this Court is:

Vera Ranieri, Electronic Frontier Foundation, San Francisco, California.

Charles Duan, Public Knowledge, Washington D.C.


October 29, 2015                    _____/s/ Vera Ranieri_____

                                            Vera Ranieri
                                            Attorney for Amici Curiae

## **CERTIFICATE OF SERVICE**

I hereby certify that on this 29th day of October, 2015, I caused copies of the foregoing Motion for Leave to File Brief of Amici Curiae to be served by electronic means via the Court's CM/ECF system on all counsel registered to receive electronic notices.

I further certify that two copies of the Motion for Leave to File a Brief of Amicus Curiae along with the proposed brief have been sent to the U.S. District Judge via FedEx:

    The Honorable Leonard P. Stark
    Chief Judge
    U.S. District Court for the District of Delaware
    J. Caleb Boggs Federal Building
    844 N. King Street, Unit 26, Room 6124
    Wilmington, Delaware 19801


                                        /s/ Vera Ranieri
                                        Vera Ranieri